**RESNICK NIRENBERG & CASH, PC**
100 Eagle Rock Avenue, Suite 300
East Hanover, New Jersey 07936
(973) 781-1204
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT VELOTTI<br><br>　　　　　　　　Plaintiff<br><br>　　　　v.<br><br>PARSONS INSPECTION AND MAINTENANCE CORP., MICHAEL M. WALSH, DIANE CANGAELOSI, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 518, NICK MINUTILLO, MAURICE DECANDIA, and SAMUEL VENTOLA<br><br>　　　　　　　　Defendant. | Civil Action No.<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

　　　　Plaintiff Robert Velotti, currently residing at 554 Atlas Road, Landing, New Jersey by way of Complaint against the Defendants Parsons Inspection and Maintenance Corp.("Parsons"), Michael M. Walsh, Diane Cangaelosi, Service Employees International Union ("SEIU"), Local 518, Nick Minutillo, Maurice Decandia, and Samuel Ventola herein states as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331. The supplemental jurisdiction of this Court over state claims is invoked pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper within this District because the unlawful actions complained of herein occurred within the District of New Jersey.

3. The causes of actions alleged herein seek to redress under Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C.A. Sec.185), and under pendent state law claims to recover damages, costs, attorney fees and equitable relief.

4. The actions (and inactions) alleged herein were committed by the individual Defendants were taken by the individual Defendants as officials, agents and/or employees of the Defendants Parsons and Local 518, SEIU.

5. On or about August 24, 2009 Plaintiff sent a formal request to counsel for Local 518, SEIU to file grievances on Plaintiff's behalf, in order the exhaust Velotti's administrative remedies, in the event this is deemed necessary prior to asserting his claims for breach of duty of fair representation.

6. Also, on August 24, 2009 Plaintiff sent a request to the SEIU, International Union to bring charges against union officials in order to exhaust internal union remedies, in the event this is deemed necessary prior to asserting his claims against said union officials under the FLSA.

## PARTIES

7. At all times pertinent hereto, the Plaintiff, Robert Velotti ("Velotti") is an employee of Parsons, and has worked in the capacity of Service Inspector since 1985.

8. On information and belief, and at all times pertinent hereto, Parsons is a business licensed by the State of New Jersey to perform vehicle inspections with principal offices at 3100 Princeton Pike, Bldg 2 Second Floor, Lawrenceville, New Jersey.

9. On information and belief, and at all times pertinent hereto, Michael M. Walsh ("Walsh") is the President of Commercial Technology at Parsons, which includes Vehicle Inspection and Compliance, and works at the Lawrenceville location.

10. On information and belief, and at all times pertinent hereto, Diane Cangaelosi ("Cangaelosi") is a Regional Manager of Parsons and works at the Lawrenceville location.

11. On information and belief, and at all times pertinent, Local 518 is a local chapter of SEIU licensed and chartered by the International to accept and represent union members, with principal offices at 480 Main Avenue, Wallington, New Jersey.

12. On information and belief, and at all times pertinent, Nick Minutillo ("Minutillo"), is the President of Local 518, whose home address is currently unknown.

13. On information and belief, and at all times pertinent, Maurice Decandia ("Decandia"), is the Business Agent for Local 518, whose home address is 292 Alden Street, Wallington, New Jersey.

14. On information and belief, and at all times pertinent, Samuel Ventola ("Ventola"), is the Shop Steward for Local 518, whose home address is currently unknown.

## FACTUAL BACKGROUND

15. In or about 1998 Parsons contracted with the New Jersey Division of Motor Vehicles ("DMV") to assume, on a privatized basis, a majority of the functions to inspect New Jersey motor vehicles to assure their safety on the roads in this State.

16. In 1998 Velotti, after having been employed by the State in the capacity of an inspector of motor vehicles since 1985 (with a short break of 3 years), became employed directly by Parsons, and assumed the position of Line Inspector.

17. While employed by the State, during the years 1985 to 1991 Velotti was a Shop Steward and member of 518.

18. In recent years, separate and apart from his job duties for the State and Parsons, Velotti entered into a business relationship with Decandia and an individual by the name of Anthony Quagliozzi, also employed by Parsons, in which the three individuals entered into a partnership for the purchase and sale of residential and commercial properties.

19. At all times pertinent hereto, during the time that Velotti and DeCandia were business partners, Velotti served as Decandia's assistant while he was the Business Agent for 518 and Shop Steward at the Randolph location of Parsons.

20. At all times pertinent hereto, Decandia used the union hall as his business address, often spent much of his time as the Business Agent for 518 working on partnership business, and spent extravagantly both union and partnership funds for his own personal use, such as numerous business trips to Hawaii, San Diego, and Chicago, including an elaborate party for his wife in Las Vegas.

21. In March, 2008, when Plaintiff advised Decandia that he intended on leaving the partnership, due to what he believed to be fraud on the part of Decandia and Quagliozzi, a contract was prepared by Joseph Conte, Esq. (Decandia's cousin) to terminate the partnership.

22. Following the execution of the agreement, DeCandia changed the locks in the union hall to prevent Velotti's entry.

23. In May, 2008 DeCandia removed Velotti as the Shop Steward over the objection of other union members and management, and Ventola was installed as the new Shop Steward. Decandia thereupon threatened the job status of anyone who disagreed with him.

24. At all times pertinent hereto, since he was removed as the Shop Steward for 518, Decandia, with the aid and cooperation of Parsons, Local 518, Cangaelosi, and Ventola, has engaged in continuous and deliberate acts of harassment and retaliation designed to deprive Plaintiff of income, harm him both physically and mentally, and to destroy his reputation both professionally and personally as follows:

    a. death threats made about him personally and his family;

    b. refusal by either Parsons, or Local 518 to investigate the death threats and other acts of harassment;

    c. unsubstantiated and ludicrous charges that Velotti "seemed tired" and that he "appeared to be on drugs";

    d. depriving him of the representation he is entitled to as a member of Local 518;

    e.    directing all union members to drop Velotti's name from all emails and anything having to do with union business;

    f.    telling all union members that Velotti was 'acting out of line' as a union board member and employee, that he was "deranged" and "not to be trusted", and that they should not have anything to do with the Plaintiff;

    g.    telling union members and employees that Velotti was "fucked up";

    h.    advising Parsons management that Plaintiff should be taken off traffic duty.

25. On or about February 25, 2009, Plaintiff attempted to have representatives of Local 518 file a grievance on his behalf, since Parsons failed and/or refused to investigate the threats against Velotti and his family. Plaintiff however was informed that said union officials were not permitted to speak to Velotti.

26. On or about March 18, 2009 Plaintiff had a meeting with Minutillo, Robert Angelo, a State Lobbyist, and Anthony Naputano regarding the abuse and treatment of Velotti by DeCandia and the manner in which DeCandia was utilizing union funds. At the conclusion of the meeting Plaintiff was told that DeCandia would be removed, the situation would be corrected, and that Plaintiff should take some time off to avoid retribution by DeCandia.

27. Even so, none of the above parties took any action against DeCandia, and the abuse and harassment against Plaintiff continued and grew worse.

28. On or about March 24, 2009, at the insistence of DeCandia, and without any substantiation whatsoever, Cangaelosi, with the participation or approval of Walsh placed Velotti

on Unpaid Investigatory Leave of Absence pending the results of a Reasonable Suspicion Substance Test, and indicated that his failure to comply would result in his termination of employment.

29.     At all times pertinent hereto, there was no basis whatsoever to suspect Plaintiff of any substance abuse, and the actions of the union and Parsons were done solely to harass and intimidate Velotti, and to ruin his reputation.

30.     At all times pertinent hereto, although Velotti would have filed a grievance for the decision of Parsons to place him on Unpaid Investigatory Leave of Absence, his Shop Steward and union representative, Ventola, was ordered by DeCandia and other union representatives of Local 518 not to speak to Velotti or have any contact with him, effectively depriving him from any representation whatsoever, as he was entitled to as a member in good standing with Local 518.

## COUNT ONE
## (DEFAMATION)

31.     At all times pertinent hereto, there was no basis for ordering Plaintiff to submit to this drug test or to place him on unpaid leave, and Parsons violated its practices and procedures by engaging in such arbitrary and capricious activity.

32.     At all times pertinent hereto, the result of the test was negative for drugs or any improper substances.

33.     Defendants knew, or if they had acted with reasonable prudence would have known, that there was no reasonable basis to believe or conclude that Velotti was impaired by any illegal drugs, or any illegal substances.

34. Plaintiff's otherwise stellar reputation, employment status and career have been damaged by Defendants' false claims, and they have otherwise defamed Velotti.

35. As a result, Defendants have caused Plaintiff's working environment to be so intolerable that no reasonable person could continue under such conditions.

36. By defaming Plaintiff, Defendants have caused Velotti to incur substantial economic losses, including but not limited to past and future lost wages, bonuses and benefits, and to have suffered from severe emotional distress and anxiety, including the physical and mental manifestation therefrom.

37. At all times pertinent hereto, Defendants conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights.

## COUNT TWO
### (TORTIOUS INTERFERENCE WITH CONTRACT/PROSPECTIVE ECONOMIC ADVANTAGE)

38. Plaintiff repeats and realleges each and every allegation set forth herein with full force and effect.

39. By virtue of the foregoing acts, Defendants have intentionally interfered with Velotti's employment and the union contract, without legal justification or excuse.

40. As a result, Defendants have caused Plaintiff's working environment to be so intolerable that no reasonable person could continue under such conditions.

41. By tortuously interfering with Plaintiff's employment, Defendants have caused

Velotti to incur substantial economic losses, including but not limited to past and future lost wages, bonuses and benefits, and to have suffered from severe emotional distress and anxiety, including the physical and mental manifestation therefrom.

42. At all times pertinent hereto, Defendants conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights.

## COUNT THREE
### (BREACH OF CONTRACT)

43. Plaintiff repeats and realleges each and every allegation set forth herein with full force and effect.

44. By virtue of the foregoing acts, Defendant DeCandia has breached an agreement with Velotti in which he agreed not to allow the dissolution of their business partnership to interfere with Plaintiff's employment or union status.

45. By virtue of the foregoing acts, Defendants Parsons and its management personnel, including Walsh and Cangaelosi, have breached the express agreements and spirit of the union contract between 518 and Parsons.

46. As a result, Defendants have caused Plaintiff's working environment to be so intolerable that no reasonable person could continue under such conditions.

47. By their breach of contract, Defendants have caused Velotti to incur substantial economic losses, including but not limited to past and future lost wages, bonuses and benefits, and to have suffered from severe emotional distress and anxiety, including the physical and mental manifestation therefrom.

48. At all times pertinent hereto, Defendants conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights.

## COUNT FOUR
### (BREACH OF DUTY OF FAIR REPRESENTATION)

49. Plaintiff repeats and realleges each and every allegation set forth herein with full force and effect.

50. By virtue of the foregoing acts, Defendant DeCandia, Local 518, and other union officials such Minutillo and Ventola, have failed and/or refused to properly represent the interests of Velotti through the express writings and spirit of the union contract and bylaws of Local 518 and the International, pursuant to 29 U.S.C.A. Section 185.

51. At all times pertinent hereto the duty of fair representation imposes on statutory representatives the duty to serve the interest of all bargaining unit employees without hostility to any, Steele vs Louisville & Nashville Railroad, 323 US 192 (1944) and a duty prohibiting fraud, deceitful or dishonest conduct, Motor Coach Employees vs Lockridge, 403 US 274 (1971), including the obligating local unions, such as Local 518 to process grievances of all employees within their jurisdiction.

52. As a result, Defendants have caused Plaintiff's working environment to be so intolerable that no reasonable person could continue under such conditions.

53. By their breach Defendants have caused Velotti to incur substantial economic losses, including but not limited to past and future lost wages, bonuses and benefits, and to have suffered from severe emotional distress and anxiety, including the physical and mental manifestation therefrom.

54. At all times pertinent hereto, Defendants conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights.

## COUNT FIVE
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

55. Plaintiff repeats and realleges each and every allegation set forth herein with full force and effect.

56. Defendants by their conduct intentionally caused severe emotional distress to Plaintiff, including bodily injury.

57. As a result, Defendants have caused Plaintiff's working environment to be so intolerable that no reasonable person could continue under such conditions.

58. By their conduct, Defendants have caused Velotti to incur substantial economic losses, including but not limited to past and future lost wages, bonuses and benefits, and to have suffered from severe emotional distress and anxiety, including the physical and mental manifestation therefrom.

59. At all times pertinent hereto, Defendants conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights

**WHEREFORE**, plaintiff seeks Judgment against the Defendants as follows:

    a. Compensatory damages, including past and future lost wages, salary, commissions, and employment benefits as a result of Defendants actions;

    b. Damages for emotional and physical injury and distress;

    c.  Damages for the harm to Plaintiff's professional and personal reputation;

    d.  An injunction and other equitable relief prohibiting further retaliation and harassment, and otherwise protecting Velotti's rights;

    e.  Pre-and post-judgment interest;

    f.  Reasonable costs, including attorney's fees, expert witness fees and other costs incurred in connection with this litigation;

    g.  Punitive and exemplary damages, and

    h.  Such other and further relief as this Court deems equitable and just under the circumstances.

## JURY DEMAND

The plaintiff hereby demands a trial by jury for all issues so triable.

                **RESNICK NIRENBERG & CASH, P.C.**
                100 Eagle Rock Avenue, Suite 3001
                East Hanover, New Jersey 07936
                (973) 781-1204
                Attorneys for Plaintiff

Dated: August 24, 2009      By:  /s/ Gerald Jay Resnick
                 Gerald Jay Resnick